UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ROGER MARX DESENBERG,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 23-cv-01534 (APM) |
| **UNITED STATES DEPARTMENT OF JUSTICE,** | ) ) ) ) | |
| Defendant | ) ) ) | |

## MEMORANDUM OPINION

Plaintiff Roger Marx Desenberg, proceeding *pro se*, brings the instant action against Defendant United States Department of Justice. For the reasons stated below, the court dismisses the Complaint and this action sua sponte.

It is well-settled that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (cleaned up). A complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) when it is "'patently insubstantial,' presenting no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). Claims are patently insubstantial if they are "essentially fictitious," for example, advancing "bizarre conspiracy theories," "fantastic government manipulations of [one's] will or mind," or some type of "supernatural intervention." *Id.* at 330. In such cases, a district court may dismiss the case sua sponte. *See Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008)

(quoting *Brown v. Dist. Unemployment Comp. Bd.*, 411 F. Supp. 1001, 1001–02 (D.D.C. 1975) (noting that "a district court has the power to dismiss a case sua sponte if it is frivolous")).

Here, Plaintiff's allegations rest on the kind of fantastic and delusional claims that warrant dismissal sua sponte.  Plaintiff alleges that he is unlawfully incarcerated because "he is the inventor and copyright owner of the Lead Option Engine©, AdWords, and AdSense systems." *See* Compl., ECF No. 1, at 3.  Plaintiff contends that "conspiratorial criminal activity by a large group of individuals" employed by U.S. government agencies and "private sector internet companies" resulted in "the biggest theft in world history: the stealing of Google AdWords" from him.  *Id.* at 16.

Further, according to Plaintiff, Defendant is "stealing Plaintiff's rightful political position as regulator of the AdWords/AdSense systems in exchange for bribes" and "political advantages for themselves and their hidden partners."  *Id.* at 5.  Plaintiff's copyright infringement lawsuit against Google was dismissed by the Southern District of New York in 2008, yet Plaintiff asserts that he "proved what he needed to in order to monetize his intellectual property" and blames the dismissal on the ability to "buy most men's souls in today's paradigm of corruption."  *Id.* at 20–21.  Plaintiff accuses his "enemy" of "creating a labyrinth of insurmountable obstacles, intent on alienating [him] from mainstream society."  *Id.* at 24.  This "enemy" is composed of "incomprehensible government and socio-bureaucratic powers who hide behind a systemically corrupt gang of criminals posing as legitimate attorneys, prosecutors, judges and police."  *Id.*

The court is permitted to dismiss a complaint containing allegations such as those described above.  *See Neitzke*, 490 U.S. at 325; *see also Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and

2

circumstances of a wholly fanciful kind."). Accordingly, upon sua sponte review, this action is dismissed.

A separate final, appealable order accompanies this Memorandum Opinion.

Dated: July 24, 2023

Amit P. Mehta
United States District Judge